IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 16, 2002 Session

## DEBORAH ANN SMITH KELLER v. DONALD LABRON KELLER

Direct Appeal from the Circuit Court for Bradley County
No. V/95/855-V/97/249    Hon. John B. Hagler, Circuit Judge

FILED MAY 28, 2002

No. E2001-01399-COA-R3-CV

Appellant held in contempt by Trial Judge was ordered not to have any guns whatsoever around the parties' minor child.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

D. Michael Bryant, Cleveland, Tennessee, for Appellant.

Randy Sellers, Cleveland, Tennessee, for Appellee.

**OPINION**

The father appeals from a Trial Court Order holding him in contempt of court.  The Order reads, in pertinent part:

Ordered, that as to the remaining issues of Ms. Keller's request to hold Mr. Keller in contempt regarding display of firearms around Ms. Keller, the Court holds that Mr. Keller is in criminal contempt for allowing the parties' son to display a firearm in front of Ms. Keller with Mr. Keller present, and the Court therefore permanently enjoins Mr. Keller from having any guns whatsoever in the presence of the minor child for any reason.

The parties were divorced in 1997 and the Final Decree contains the provision that "Mr. Keller shall never display any of the guns in front of Ms. Keller again, which conduct will be

contemptuous on his part. . . ." In Ms. Keller's Counter-Petition for Contempt, she charges a violation of the Court's previous Order.

Our review of findings of fact in the Trial Court is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Bah v. Bah*, 668 S.W.2d 663, 665 (Tenn. Ct. App. 1983). However, in the absence of a transcript of statement of evidence prepared in accordance with Tenn. R. App. P. 24(c), this Court assumes that had the record been preserved, it would have contained sufficient evidence to support the Trial Court's factual findings. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). No transcript of the evidence accompanies this appeal.

Appellant argues that the Trial Court's ruling is an unconstitutional restriction upon his "right to bear arms", and in addition infringes upon his privacy interest in rearing his child as he sees fit, as guaranteed under *Hawk v. Hawk*, 885 S.W.2d 573 (Tenn. 1995), because the Court did not find a substantial risk of harm to the child. However, the issue in this case is not Mr. Keller's right to own and possess and use guns which he obviously has. Rather, the technical record reveals the issue before the Trial Court was Mr. Keller's display of guns in the presence of Ms. Keller. Such a prohibition against displaying firearms in Ms. Keller's presence was included in the Final Decree of Divorce and the contempt for which Mr. Keller was convicted was allowing the child to display a gun in the presence of Ms. Keller.

Because there is no transcript of evidence, we conclusively presume the findings of fact of the Trial Court are correct in all respects. We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Donald LaBron Keller.

_____
HERSCHEL PICKENS FRANKS, J.